## MATTER OF MAHAL

### In Visa Petition Proceedings

A-17276575

A-17276577

*Decided by Board January 9, 1967*

The beneficiaries, issue of a polygamous (second) marriage of their father in Pakistan in 1928 according to Hindu rites, are entitled to fifth preference classification upon the filing of a visa petition by their United States citizen half-brother, a child of the same father by his original marriage in 1917 in India, since the polygamous marriage of the father was legal in India and Pakistan under Hindu law prevailing at that time and the children of such polygamous marriage were legitimate under the law then prevailing.

ON BEHALF OF PETITIONER: Jack C. Dozier, Esquire
Atherton & Dozier
520 Wells Fargo Bank Bldg.
Stockton, California 95202
(Brief filed)

The cases come forward pursuant to certification by the District Director of his orders dated October 28, 1966 denying the visa petitions for the reason that the beneficiaries are the offspring of a second polygamous marriage, which while valid where performed in Pakistan, cannot be considered as valid for immigration purposes; and that the issue of such a marriage do not enjoy a brother-sister relationship with the issue of the original and recognized marriage and are not entitled to status as the brother and/or sister of a citizen of the United States.

The petitioner, a native of Pakistan, a citizen of the United States by naturalization on December 12, 1960, seeks preference status under section 203(a)(5) of the Immigration and Nationality Act on behalf of the beneficiaries as his half brother and half sister, respectively. The beneficiaries are both married. The male beneficiary was born December 3, 1929 in Pakistan and the female beneficiary was born October 17, 1936 in India.

The information submitted in support of the visa petitions established that the petitioner is the legitimate son of Udham Singh Mahal and Aupar Pirtam Kaur Mahal who were married June 1917 in India according to the Hindu Rites. The beneficiaries, the half brother and

half sister of the petitioner, are the offspring of a second marriage of the same father to Aupar Kaur Mahal in October 1928 also under the Hindu Rites. According to information from the Consulate General of India at San Francisco dated September 7, 1966, before the enactment of the Hindu Code Bill in 1955/1956, a man could legally marry more than one wife in India. It is established then that the petitioner and the beneficaries are the children of polygamous marriage. It has been ascertained from the Indian Embassy at Washington, D.C. that the children of these polygamous marriages, which, it must be remembered were legal in both India and Pakistan until 1955/1956, under the Hindu law are legitimate in every sense of the word.

The case therefore falls squarely within the decision in *Matter of K—W—S—*, 9 I. & N. Dec. 396 (A.G., 1961). In that case the parties were a sister and her half brother who were the offspring of a wife and a concubine, respectively, in China. Under Chinese law the child of a concubine who is acknowledged by the father, was equally as legitimate as the child of his lawful wife. In affirming the Board's order that these children, who were legitimated under the law of China, should be regarded as brother and sister, the Attorney General pointed out that neither the decision nor the 1952 Act implies any approval of the institution of concubinage or polygamy, which constitutes a class excluded from entry into the United States under section 212 (a) (11) of the Immigration and Nationality Act. However, in the 1952 Act, Congress deemed it more in accordance with humanitarian principles to try to keep together those offspring of a common parent who have lived together as a family unit in accordance with the established laws and institutions of their place of residence, regardless of whether or not those laws are in conformity with the long social and family institutions.[1]

In the instant case the polygamous marriage of the father to two wives in India or Pakistan was legal under Hindu law prevailing at that time and the children of such polygamous marriages were under the law then prevailing considered legitimate. *Matter of K—W—S—*, (*supra*), is considered dispositive of the case to accord recognition of a brother and sister relationship such as will support a petition for preference status.

**ORDER:** It is ordered that the visa petitions be approved for fifth preference quota status on behalf of the beneficiaries.

---

[1] In the unreported case of *Matter of Aref Hasan Hamdan*, VPO 7-3592 (July 27, 1955), the children of a polygamous marriage which was legal under the Moslem faith were recognized as legitimate and eligible for preference quota status as brothers of the petitioner.